### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **AALIYAH C. JOHNSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:07-0129** |
| ) | **(Criminal No. 5:05-0093)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and formerly incarcerated at FPC Alderson,[1] filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on March 1, 2007.[2] (Document No. 79.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 81.)

### FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2005, Movant pled guilty to Count Three of the Indictment in Criminal Action No. 5:05-0093 charging her with possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846(a)(1). (Criminal Action No. 5:05-00093, Document Nos. 25, 27, and 28.) Movant was sentenced on September 27, 2005. (Id., Document No. 32.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 25, 2008. Petitioner's current address is 312 Ohio Avenue, Charleston, West Virginia 25302.

[2] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of 24, the Court having applied a two-level reduction because Movant met the criteria set forth in U.S.S.G. § 5C1.2(1)-(5). (Id., Document No. 36.) The District Court ordered that Movant serve a 51-month term of incarceration to be followed by a four-year term of supervised release.[3] (Id., Document No. 35.) The District Court also imposed a $100 special assessment. (Id.) On October 12, 2005, Movant, acting *pro se*, filed a letter addressed to the Court which was construed as a notice of appeal.[4] (Id., Document No. 33.) On October 20, 2005, trial counsel, Mr. Ernest Skaggs, filed a notice of appeal on Movant's behalf. (Id., Document No. 38.) In her appeal, Movant argued that the District Court erred by denying her a sentencing reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on May 25, 2006. United States v. Johnson, 2006 WL 1476768 (4th Cir. 2006).

On March 1, 2007, Movant filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:07-00129, Document No. 79.) As grounds for *habeas* relief, Movant alleges as follows:

1. Wrong sentencing guideline range utilized. At sentencing, I was not afforded the appropriate 3 point reduction for acceptance of responsibility. Due to this, my guideline range was incorrect (51 - 63 months) and should have been 37 - 46 months. I was timely in my plea execution and was never found guilty of DUI.

---

[3] On March 14, 2006, the Court filed an Amended Judgment Order clarifying that Movant was convicted of violating Title 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:05-00093, Document Nos. 63 and 64.) On March 16, 2006, an Amended Judgment Order was filed recommending that the Bureau of Prisons evaluate Movant for placement into the MINT Program located in Greenbrier County, West Virginia. (Document Nos. 66 and 67.)

[4] In a letter addressed to the Court, Movant stated as follows: "I want to appeal my sentence length. I understand this appeal process must take place soon. I am also writing Mr. Skaggs and requesting an appeal as I am unsure of the protocol for the appeal process. Please respond as soon as possible if there are any additional steps I must take. Please notify me when the appeal is placed." (Criminal Action No. 5:05-00093, Document No. 33.)

      2.      Breach of contract issues regarding plea. The plea agreement is a contract by both parties to perform as agreed. I was never found guilty of DUI and charges were dropped yet I was penalized by an arrest only that was later dropped.

      3.      Wrong sentencing guideline range utilized. On October 12, 2005, I was not found guilty of DUI. The wrong guideline range was utilized by the District Court at sentencing which created an upward departure for an 'alleged DUI' that never materialized.

      4.      Never received § 6A1.4 Notice of Upward Departure. The court erred in failing to provide reasonable notice that it was contemplating a departure for DUI. In the PSI under offense level computation, credit is given for acceptance of responsibility.

(Id., pp. 5 - 6.)

On March 5, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding her Crack Cocaine Offense.[5] (Criminal Action No. 5:05-00093, Document No. 88.) By Memorandum Opinion and Judgment Order entered on March 7, 2008, the District Court granted her request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 91.) The District Court reduced Movant's sentence to 41 months.[6] (Id..)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[5] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

[6] The District Court ordered that Movant's "base offense level be reduced by two levels, resulting in a new total offense level of 22." (Criminal Action No. 5:05-00093, Document No. 91.)

move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340.

Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

**1.      Procedurally Defaulted Claims.**

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes that two out of four of Movant's substantive challenges to her sentence represent an improper attempt to re-litigate issues fully resolved on appeal.

In Grounds 1 and 3, Movant alleges that the District Court applied an incorrect sentencing guideline range because the Court erred by denying Movant a sentence reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. (Document No. 1, p. 5.) Specifically, Movant argues that "I was not afforded the appropriate three point reduction for acceptance of responsibility. Due to this, my guideline range was incorrect (51 - 63 months) and should have been 37 to 46 months." (Id.) Movant clearly raised the above issue in her direct appeal. The Fourth Circuit rejected Movant's above claim finding as follows:

> The district court determined that Johnson had not accepted responsibility because she was arrested for driving under the influence of alcohol after signing the plea agreement and two days before pleading guilty, while she was on bond. Johnson admitted to the conduct at the plea hearing. We find no clear error in this ruling. See U.S.S.G. § 3E1.1, comment (n.1(b)); United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004)(proving standard); United States v. Ceccarani, 98 F.3d 126, 130-31 (3rd Cir. 1996)(upholding the denial of acceptance of responsibility based on new unrelated criminal conduct).

Johnson, 2006 WL 1476768, at *1. Therefore, Movant's above claims are procedurally barred because

Movant is seeking to revisit the same issue that was rejected on direct appeal without directing the Court to any intervening change in law which authorizes her to do so.[7]

## 2. **Breach of Plea Agreement.**

In Ground 2, Movant argues that her plea of guilty was involuntary because the United States breached the plea agreement. (Civil Action No. 5:07-00129, Document No. 79, p. 5.) Specifically, Movant argues that her plea was breached because "I was never found guilty of DUI and charges were dropped yet I was penalized by an arrest only that was later dropped." (Id.)

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant

---

[7] In *United States v. Dugger*, 485 F.3d 236, 240-41 (4th Cir. 2007), the Fourth Circuit recognized that continued criminal conduct may be a basis for denial of the adjustment for acceptance of responsibility.

requested it.). Further, the voluntariness of a plea is called into question if the prosecutor's promises are not carried out. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a guilty plea rests significantly upon a promise of the prosecutor, such that it could be said to be part of the inducement, such promise must be fulfilled. United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996). The party, however, alleging breach of the plea agreement has the burden of proving the breach by a preponderance of the evidence. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991).

The record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Ms. Johnson will plead guilty to Count Three of said indictment, which charges her with a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute five grams or more of cocaine base). Following final disposition, the United States will move the Court to dismiss Counts One and Two in Criminal Case No. 5:05-00093 as to Ms. Johnson."[8] (Document No. 28, p. 2.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of her plea.[9] (Id., p. 2.) The plea agreement further stated at paragraph 10 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence. The United States reserves the right to . . . (g) address the Court regarding the issue of Ms. Johnson's acceptance of responsibility." (Id., p. 4.) In paragraph 12, the plea agreement stated that "[t]his

---

[8] Counts One and Two charged Movant with violating 21 U.S.C. § 841(a)(1) (distribution of a quantity of cocaine base).

[9] At Movant's July 7, 2005, plea hearing, the District Court informed Movant of the maximum sentence to which she was subject, elicited Movant's statement that she knew that her sentence was in the Court's discretion, and found that Movant's plea was voluntary. (Criminal Action No. 5:05-00093, Document Nos. 27 and 52.)

written agreement constitutes the entire agreement between the United States and Ms. Johnson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Johnson in any Court other than the United States District Court for the Southern District of West Virginia." (Id., p. 5.) Thus, the plea agreement contained no statement indicating that Movant would receive a level reduction for acceptance of responsibility or that her pending charges of DUI would not be considered during sentencing. Rather, the plea agreement specifically stated that the United States reserved the right to address the Court concerning the issue of acceptance of responsibility. Accordingly, Movant's claim that her plea was involuntary because the United States breached the plea agreement is without merit.

### 3. **Failure to Provide Notice of Upward Departure.**

In Ground 4, Movant argues that the District Court erred in departing from the sentencing guideline range without giving her adequate notice pursuant to U.S.S.G. § 6A1.4. (Document No. 79, p. 6.) Specifically, Movant contends that her 51 month sentence was an upward departure from the applicable sentencing guideline range. (Id.) U.S.S.G. § 6A1.4 provides as follows:

> Before the court may depart from the applicable sentencing guideline range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

The District Court determined that Movant had a Base Offense Level of 26, a Total Offense Level of 24, and a Criminal History Category of I. (Document No. 36.) Accordingly, the District Court determined that the total guideline range was as follows: (a) Imprisonment for a term of 51 to 63 months; (b) Supervised release for a period of three to five years; (c) A fine of $10,000 to $2,000,000; and (d) A mandatory special assessment of $100 under 18 U.S.C. § 3013. (Id.) The District Court

sentenced Movant to a 51-month term of incarceration to be followed by a four-year term of supervised release, and imposed a $100 special assessment. (Document No. 35.) Thus, Movant's sentence quite clearly did not depart from the applicable sentencing guideline range.[10] Therefore, Movant's claim that the District Court erred in failing to notify her of its intention to depart from the applicable sentencing guideline range is without merit.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 79.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

[10] The undersigned notes that the District Court sentenced Movant at the bottom of the sentencing guideline range.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: November 20, 2009.

R. Clarke VanDervort
United States Magistrate Judge